

**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

IN RE:                                            BCN#: 24-15260
KEITH L. CHEEK                                    Chapter: 13

_____Debtor_____

Wells Fargo Bank, National Association as
Trustee for Securitized Asset Backed
Receivables LLC Trust 2005-HE1 Mortgage      CONSENT ORDER RESOLVING
Pass-Through Certificates, Series 2005-HE1   MOTION FOR RELIEF
or present noteholder,                       FROM STAY

       Movant/Secured Creditor,
v.
KEITH L. CHEEK
       Debtor


      This matter came on to be heard upon consideration of the Motion of Wells Fargo Bank,

National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-HE1

Mortgage Pass-Through Certificates, Series 2005-HE1 for Relief from Automatic Stay of 11 USC

362 (a) as well as the Co-debtor stay of 11 USC Section 1301(a) as to certain real property at 15000

Nelson Perrie Rd, Brandywine, MD 20613; and

It appearing that the parties consent to the entry of this Order, and it is further appearing that the co-debtor has failed to file a response thereto;

IT IS HEREBY ORDERED, that the automatic stay of 11 USC 362 (a) is hereby terminated so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the Movant as to the real property designated as 15000 Nelson Perrie Rd, Brandywine, MD 20613.

IT IS FURTHER ORDERED, that the Movant shall forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as, the Debtor performs under the note and security instrument and complies with the following terms and conditions of this Order:

a) The Debtor shall cure the post-petition arrearage of $7,790.05, which amount includes payments from October 1, 2024 through February 1, 2025 in the amount of $1,308.21 each, fees and costs of $1,249.00.

b) The Debtor shall cure the arrearage of $7,790.05 by amending the Debtor's Chapter 13 plan within thirty (30) days of entry of this order. Movant will file an amended proof of claim outlining the post-petition arrearage.

c) In addition to curing the arrearage, the Debtor shall resume making regular monthly post-petition payments due under the note beginning with the payment due March 1, 2025 and each month thereafter. Payments to be made directly to PHH Mortgage, ATTN: SBRP, P O Box 24781, West Palm Beach, FL 33416.

d) All payments made pursuant to this Order shall be applied first to reimburse the creditor for its attorney fees and costs (in connection with this motion), in the amount of $1,249.00. An additional amount of $100.00 may be obtained by the Secured Creditor for the attorney

fees in the event that a valid Notice of Default is filed and\or Relief from the Automatic Stay is obtained for any reason. All further payments will be applied to the debt in the manner prescribed by the mortgage note and mortgage.

e)  If the Debtor defaults upon payment under the terms of this order or if any payments which have been acknowledged in the calculation of the mortgage arrearage in this order, but which subsequently fail to clear and are dishonored, then the Movant shall:

- mail to the Debtor and Debtor's counsel, and the Court, a notice setting forth the amount and nature of the default under the terms of this Order.

- the Debtor may within twelve days of mailing the notice of default submit the required payment to bring the Debtor current pursuant to the terms of this order.  Any cure of a notice of default must include all amounts set forth in the notice of default as well as any payments which have subsequently accrued under the terms of this order and are due at the time the cure payment is tendered.

f)  Acceptance of partial payment by the Secured Creditor during the cure period shall not constitute a satisfaction or waiver of the notice of default; the forbearance provisions of this order shall terminate on the expiration of the twelve-day period in the absence of complete cure notwithstanding partial payment.

g)  If the default is not cured within the cure period, or if no response is filed to said notice, within twelve days of the mailing of the notice, which response denies the default specifically referencing the amounts paid by the Debtor since the entry of the Order by check, money order, and by requesting a hearing, the forbearance provisions of this order shall terminate and the Secured Creditor shall be free to foreclose its security interest, upon the mailing of a Notice, to all parties and the Court, of Secured Creditor's right to foreclose

its security instrument, Subsequent to such sale, the Secured Creditor may take all lawful actions in accordance with state law, to take possession of the property and shall, pursuant to Local Bankruptcy Rule 4001-3, provide a copy of the Report of Sale and all Audits Reports to the Bankruptcy Trustee if there is a surplus over and above the debt owed to the foreclosing noteholder.

IT IS FURTHER ORDERED AND AGREED that the Debtor's right to cure shall be limited to two (2) such opportunities and that upon the filing of a third default under the terms of the order; there shall be no further opportunity to cure and the Secured Creditor may proceed to foreclose its security interest in the subject real property.

IT IS FURTHER ORDERED AND AGREED that should the instant case be converted for any reason to a case under any other chapter of the bankruptcy code, or dismissed or discharged, the Movant may immediately be free to exercise all rights provided by the security instrument as the forbearance provisions of this order shall terminate upon conversion, dismissal or discharge.

IT IS FURTHER ORDERED AND AGREED that the Co-debtor stay of 11 U.S.C. Section 1301(a) is terminated upon entry of this order.


I ask for this:

  /s/Randa S Azzam
_____
William M. Savage, Esquire
Federal I.D. Bar No. 06335
Randa Azzam, Esquire
Federal I.D. Bar No. 22474
Gregory N. Britto, Esquire
Federal I.D. Bar No. 22531
Angela M. Tonello, Esquire
Federal I.D. Bar No. 30084
Counsel for Movant
ecf@logs.com

Seen; Agreed:

/s/ Kimberly D. Marshall
_____
Kimberly D. Marshall, Counsel for Debtor


      I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

  /s/Randa S Azzam
_____
William M. Savage, Esquire
Randa Azzam, Esquire
Gregory N. Britto, Esquire

Copies of this order are to be sent to:


KEITH L. CHEEK
15000 NELSON PERRIE ROAD
BRANDYWINE, MD 20613

LYNN CHEEK
15000 NELSON PERRIE RD
BRANDYWINE, MD 20613

TIMOTHY P. BRANIGAN


KIMBERLY D. MARSHALL
603 POST OFFICE ROAD
SUITE 209
WALDORF, MD 20602

LOGS LEGAL GROUP LLP
MAILING ADDRESS
10130 PERIMETER PARKWAY, SUITE 400
CHARLOTTE, NORTH CAROLINA 28216


20-286080


**END OF ORDER**